# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**STEVEN WAYNE PIERCE**                                                    **PETITIONER**

**v.**                                                              **No. 3:18CV149-NBB-RP**

**STATE OF MISSISSIPPI**                                                   **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Steven Wayne Pierce for a writ of

*habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed

under 28 U.S.C. § 2244(d)(2). The petitioner has not responded to the motion, and the deadline to do

so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to

dismiss will be granted and the instant petition for a writ of *habeas corpus* will be dismissed as

untimely filed.

### Facts and Procedural Posture

Steven Wayne Pierce is in the custody of the Mississippi Department of Corrections (MDOC)

and housed at the East Mississippi Correctional Facility in Meridian, Mississippi. He was convicted

for the sexual battery of a six-year old child in the Circuit Court of Panola County, Mississippi. *See*

Exhibit A.[1] On January 29, 2007, Mr. Pierce was ordered to serve a term of twenty-five years in the

custody of the MDOC. *See* Exhibit B.

Pierce, through counsel, appealed his conviction and sentence to the Mississippi Supreme

Court, which referred the case to the Mississippi Court of Appeals. On February 5, 2008, the Court of

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

Appeals affirmed Pierce's conviction and sentence. *Pierce v. State*, 2 So. 3d 641 (Miss Ct. App. 2008), *reh'g denied*, Dec. 9, 2008, *cert. denied*, Feb. 26, 2009 (Cause No. 2007-KA-00124). On May 29, 2009, the United States Supreme Court denied Pierce's petition for certiorari review. *See* Exhibit D.

Mr. Pierce signed an "Application for Leave to Proceed in the Trial Court" on November 14, 2017, which was stamped as "filed" in that court on November 20, 2017. *See* SCR, Cause No. 2017-M-1593. On February 22, 2018, the Mississippi Supreme Court dismissed Pierce's motion as both untimely and procedurally barred. *See* Exhibit E. On April 5, 2018, the Mississippi Supreme Court denied Pierce's subsequent petition for rehearing under Mississippi Rule of Appellate Procedure (MRAP) 27(h), as not properly before the court. *See* Exhibit F.

### One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2) (emphasis added).

## The Federal *Habeas Corpus* Deadline

Mr. Pierce's judgment became final, and the statute of limitations began to run, at the end of direct review – May 29, 2009, the date the Supreme Court denied his petition for writ of *certiorari*. *See United States v. Thomas,* 203 F.3d 350, 356 (5th Cir. 2000); *Giesberg v. Cockrell,* 288 F.3d 268 (5th Cir. 2002). Thus, his initial deadline to seek federal *habeas corpus* relief became May 29, 2010 (May 29, 2009 + 1 year). Mr. Pierce did not file a proper application for state post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before May 29, 2010, to toll the period of limitations, and his federal deadline remained May 29, 2010.[2] *See Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998).

## The Petition Is Untimely

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d

---

[2] As set forth above, Mr. Pierce filed his state application for post-conviction relief after the state deadline expired. In addition, he signed the state application in November of 2017, over seven years after the federal *habeas corpus* deadline expired.

1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on June 1, 2018, and the date it was received and stamped as "filed" in the district court on June 7, 2018. The petition was thus filed over 8 years after the May 29, 2010, filing deadline. The petitioner has not alleged any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

     **SO ORDERED**, this, the 18th day of March, 2019.

                             /s/ Neal Biggers
                             NEAL B. BIGGERS
                             SENIOR U. S. DISTRICT JUDGE